# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

EDIE KODELL GOODWIN,       )
                           )
    Movant,                )
                           )
v.                         )   Case No.  CV413-263
                           )             CR411-348
UNITED STATES OF AMERICA,  )
                           )
    Respondent.            )

## ORDER

Eddie Kodell Goodwin moves for 28 U.S.C. § 2255 relief. CR411-348, doc. 88.[1] In 2012 a jury convicted him of drug charges.[2] He was sentenced, as enhanced under 21 U.S.C. § 851, to 262 months. Doc. 58. Goodwin unsuccessfully appealed, doc. 84, and now moves for § 2255 relief. Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), his motion fails but the Court will grant him leave to amend it.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] He was convicted "for possession with intent to distribute cocaine base, commonly known as "crack cocaine," cocaine hydrochloride, commonly known as "powder cocaine," and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D)." Doc. 84 at 1-2.

Goodwin argues that his lawyer was ineffective[3] for (a) failing to convey to him a plea offer from the government, doc. 88 at 6-7 (citing *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012); and (b) failing to warn him of the § 851 enhancement potential. *Id.* at 8-9. He has included his own 28 U.S.C. § 1746 declaration that "[m]yself and attorney [Kimberly L.] Copeland never discussed any plea agreements." Doc. 2 at 1. Hence, he was "not advised of the increase in my sentence from 20 to 30 years." *Id.* Had he "been informed of the actual time I faced by proceeding to trial, rather than accepting the plea offer, I would [have] certainly taken the first available plea offer." *Id.*

Goodwin also seeks "jail credit time for the time [he] spent waiting to go to trial, and also for the time he has served on the state case that is related to this case. For some reason the sentencing judge opted for a

---

[3] For ineffective assistance of counsel to provide a basis for federal habeas relief, a movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. That is "a probability sufficient to undermine confidence in the outcome." *Id.* Goodwin therefore must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

consecutive sentence rather than concurrent." *Id.* at 10. He wants that credit plus a concurrent sentence. *Id.* at 10-11. Finally, he contends that the career offender enhancement "is unconstitutional since he has already paid his debt to society on the charges that were used to enhance his current sentence." *Id.* at 12.

"[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, ___ U.S. ___ 132 S.Ct. 1399, 1408 (2012). *Lafler* set forth what was needed in order to establish constitutionally ineffective assistance of counsel in the context of a rejected plea offer. *See Lafler*, 132 S.Ct. at 1385. To show *Strickland* prejudice a defendant must demonstrate that, but for the ineffective advice from counsel, there is a reasonable probability that: (1) he would have accepted the plea agreement; (2) the prosecution would not have withdrawn it; (3) the trial court would have approved the plea agreement; and (4) the conviction, sentence, or both, under the offer's terms, would have been less severe than that which was imposed. *Id.*

From the *Lafler/Frye* jurisprudence there emerges this irreducible minimum: the *existence* of a plea offer. Goodwin fails to cite one. Indeed, his § 1746 Declaration never directly asserts that such an offer existed. Instead, he references one generically ("the plea offer"), then hedges by insisting that "I would of [sic] certainly taken the first available plea offer." Doc. 2 at 1.

Of course, "[t]he absence of a plea offer is fatal to the ineffective assistance of counsel claims made in this regard." *Barnes v. United States*, 2013 WL 3357925 at * 7 (S.D.N.Y. July 2, 2013) (citing *Speed v. United States*, 2013 WL 416026 at * 3 (S.D.N.Y. Feb. 4, 2013) (rejecting a similar claim as "futile" because the Government never made a plea offer)). And it is every habeas petitioner's burden to plead facts establishing an actionable § 2255 or 28 U.S.C. § 2254 claim. *See, e.g., Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) and *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011)).[4] By failing

---

[4] "It thus remains [Goodwin's] burden to plead and prove his claims, including citation to the trial and any other relevant records. He must plead and ultimately show, for example, that the district court erred in handling the claims presented here, and also why the claimed error in those proceedings supports relief within § 2255's

to plead, much less record-cite to a plea offer, Goodwin has established no ineffective-assistance claim.

Goodwin's "sentence credit" claim challenges the *execution* of his sentence, not the sentence itself. It cannot fly here. "The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995)." *United States v. Berio*, 428 F. App'x 944, 944 (11th Cir. 2011); *see also Gerwald v. Warden, FCI, Tallahassee, Fl.*, 2013 WL 6046046 at * 1 (S.D. Ga. Nov. 14, 2013). Finally, his claim that it is unconstitutional to enhance his sentence based on prior convictions because "he has already paid his debt to society on the charges that were used to enhance his current sentence" (doc. 88 at 12) is frivolous on its face.

Because Goodwin is proceeding *pro se* and plea offers are quite common, the Court will grant him 30 days from the date this Order is served to file a § 2255 amendment in support of his *Lafler/Frye* claim.[5]

---

parameters." *Bartley,* 2013 WL 6234694 at * 2.

[5] He is reminded, however, that liars are prosecuted. *See United States v. Dickerson,* CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for

5

For the moment, the Court will abstain from advising dismissal of his remaining claims until it issues its post-amendment Report and Recommendation. In that this proceeding remains under preliminary review, the government is not obligated to respond, but neither is it barred (an affidavit from attorney Copeland may well assist review).

**SO ORDERED**, this 17th day of December, 2013.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).