# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| EDDIE KODELL GOODWIN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV413-263 |
| | ) | CR411-348 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Eddie Kodell Goodwin moves for 28 U.S.C. § 2255 relief. CR411-348, doc. 88.[1] In 2012 a jury convicted him of drug charges.[2] He was sentenced, as enhanced under 21 U.S.C. § 851, to 262 months. Doc. 58. Goodwin unsuccessfully appealed, doc. 84, and now moves for § 2255 relief. Upon preliminary review under 28 U.S.C. § 2255 Rule 4(b), the Court ruled that his motion fails but it gave him leave to amend it. Doc.

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

[2] He was convicted "for possession with intent to distribute cocaine base, commonly known as "crack cocaine," cocaine hydrochloride, commonly known as "powder cocaine," and marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and (b)(1)(D)." Doc. 84 at 1-2.

91, *reported at* 2013 WL 6666115. He has filed an amendment. Doc. 92. It still fails.

Goodwin argued that his lawyer was ineffective[3] for (a) failing to convey to him a plea offer from the government, doc. 88 at 6-7 (citing *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376 (2012); and (b) failing to warn him of the § 851 enhancement potential. *Id.* at 8-9. He included his own 28 U.S.C. § 1746 declaration that "[m]yself and attorney [Kimberly L.] Copeland never discussed any plea agreements." Doc. 2 at 1. Hence, he was "not advised of the increase in my sentence from 20 to 30 years." *Id.* Had he "been informed of the actual time I faced by proceeding to trial, rather than accepting the plea offer, I would [have] certainly taken the first available plea offer." *Id.*

---

[3] For ineffective assistance of counsel to provide a basis for federal habeas relief, a movant must satisfy the two-part test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, he must show that his counsel's performance was deficient and that it prejudiced his defense. *Id.* To show prejudice, movant need only demonstrate a reasonable probability that the result of the proceeding would have been different absent the error. *Id.* at 694. That is "a probability sufficient to undermine confidence in the outcome." *Id.* Goodwin therefore must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. *Id.* at 687. "Surmounting *Strickland* 's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

Under established law, "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, ___ U.S. ___ 132 S. Ct. 1399, 1408 2012). *Lafler* set forth what was needed in order to establish constitutionally ineffective assistance of counsel in the context of a rejected plea offer. *See Lafler*, 132 S. Ct. at 1385. To show *Strickland* prejudice a defendant must demonstrate that, but for the ineffective advice from counsel, there is a reasonable probability that: (1) he would have accepted the plea agreement; (2) the prosecution would not have withdrawn it; (3) the trial court would have approved the plea agreement; and (4) the conviction, sentence, or both, under the offer's terms, would have been less severe than that which was imposed. *Id*.

From the *Lafler/Frye* jurisprudence, the Court concluded, there emerges this irreducible minimum: the *existence* of a plea offer. But Goodwin failed to cite one. Indeed, his § 1746 Declaration never directly asserted that such an offer existed. Instead, he merely referenced one generically ("the plea offer"), then hedged by insisting that "I would of [sic] certainly taken the first available plea offer." Doc. 2 at 1.

3

The Court pointed out that "[t]he absence of a plea offer is fatal to the ineffective assistance of counsel claims made in this regard." *Barnes v. United States*, 2013 WL 3357925 at * 7 (S.D.N.Y. July 2, 2013) (citing *Speed v. United States*, 2013 WL 416026 at * 3 (S.D.N.Y. Feb. 4, 2013) (rejecting a similar claim as "futile" because the Government never made a plea offer); *United States v. Hill*, ___ F. Supp. 2d ___, 2014 WL 186098 at * 1 (N.D. Ga. Jan. 16, 2014) (rejecting *Lafler/Frye* claim because, *inter alia*, "there was no plea agreement.").

Furthermore, it is every habeas petitioner's burden to plead facts establishing an actionable § 2255 or 28 U.S.C. § 2254 claim. *See, e.g.*, *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) and *Chavez v. Sec'y Fl. Dep't of Corrs.*, 647 F.3d 1057, 1061 (11th Cir. 2011)).[4] By failing to plead, much less cite to, a plea offer, Goodwin established no ineffective-assistance claim.

---

[4] "It thus remains [Goodwin's] burden to plead and prove his claims, including citation to the trial and any other relevant records. He must plead and ultimately show, for example, that the district court erred in handling the claims presented here, and also why the claimed error in those proceedings supports relief within § 2255's parameters." *Bartley*, 2013 WL 6234694 at * 2.

Again, the Court gave Goodwin a chance to fill in that gap. Doc. 91 at 5-6; 2013 WL 6666115 at * 2. In his response he states: "It is documented by court records that petitioner Goodwin was offered a plea by the government, however there is no documentation that the attorney on record advised Petitioner of his right to the plea bargain." Doc. 92 at 3. But Goodwin supplies no record cite to support this assertion. Later in his response he says: "Exhibit 1 shows that the government presented a plea offer to attorney Copeland." *Id.* at 5. That exhibit is a plea offer. But it does *not* offer to back off from the 21 U.S.C. § 851 enhancement (doc. 26), or offer any other material benefit besides a promise not to "object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility," a promise that the government would not use plea-offer information against him, and a promise that the prosecution "will consider whether assistance provided by the defendant constitutes substantial assistance and justifies the filing of a Rule 5K1. I or Rule 35(b) motion for downward departure on defendant's behalf." Doc. 92-1 at 3.

5

Because that offer at best would have put lipstick on a pig (it would have left in place the § 851 enhancement which ultimately fetched him 262 months), there is no reasonable probability that Goodwin would have accepted the plea agreement. Hence, his ineffective assistance claim fails.

Goodwin also sought "jail credit time for the time [he] spent waiting to go to trial, and also for the time he has served on the state case that is related to this case. For some reason the sentencing judge opted for a consecutive sentence rather than concurrent." Doc. 88 at 10. He wants that credit plus a concurrent sentence. *Id.* at 10-11. Finally, he contends that the career offender enhancement "is unconstitutional since he has already paid his debt to society on the charges that were used to enhance his current sentence." *Id.* at 12.

As the Court previously explained, Goodwin's "sentence credit" claim challenges the *execution* of his sentence, not the sentence itself. It thus cannot fly here. "The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. *Dawson v. Scott*, 50 F.3d 884, 889 (11th Cir. 1995)." *United States v. Berio*, 428 F. App'x 944, 944 (11th

Cir. 2011); *see also Gerwald v. Warden, FCI, Tallahassee, Fl.*, 2013 WL 6046046 at * 1 (S.D. Ga. Nov. 14, 2013). Finally, his claim that it is unconstitutional to enhance his sentence based on prior convictions because "he has already paid his debt to society on the charges that were used to enhance his current sentence" (doc. 88 at 12) is frivolous on its face.

Eddie Kodell Goodwin's 28 U.S.C. § 2255 motion (doc. 484) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this  28th  day of January, 2014.

                                                       /s/ G.R. Smith
                                              UNITED STATES MAGISTRATE JUDGE
                                              SOUTHERN DISTRICT OF GEORGIA